T.C. Memo. 2011-111

UNITED STATES TAX COURT

HEATHER LUDZACK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4300-10L.                    Filed May 25, 2011.

Heather Ludzack, pro se.

<u>David L. Zoss</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  In this collection case under section 6330 petitioner challenges respondent's notice of intent to levy relating to $2,623 in outstanding Federal employment taxes, penalties, and interest petitioner owes in connection with her restaurant and catering business.  Respondent moves for summary judgment under Rule 121.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioner resided in Wisconsin.[1]

During 2006 petitioner owned and operated as a sole proprietorship a restaurant and catering business named Brick House Café & Catering (Brick House) in Cable, Wisconsin. Brick House was required to remit periodically to respondent employment taxes withheld from employees' wages. See secs. 3101, 3111.

On July 31, 2006, petitioner timely filed Brick House's Form 941, Employer's Quarterly Federal Tax Return, for the period ending June 30, 2006, reporting Federal employment taxes due of $1,890. Petitioner, however, remitted no payment in connection with this filing.

On June 4, 2008, respondent sent petitioner a final notice of intent to levy and an explanation of petitioner's right to a collection Appeals Office hearing under section 6330 relating to

---

[1]Although petitioner did not respond to the Court's Jan. 14, 2011, order to ratify her petition lacking an original signature, the Court is satisfied that petitioner filed the petition herein.

petitioner's $1,890 unpaid Federal employment tax liability for the period ending June 30, 2006.[2]

On June 16, 2008, petitioner filed with respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, relating to respondent's proposed levy action. On the Form 12153 petitioner indicated that she wished to propose an offer-in-compromise as a collection alternative to respondent's proposed levy.

On December 12, 2008, respondent's Appeals Officer (AO) mailed petitioner a letter scheduling a collection due process (CDP) hearing with petitioner for January 9, 2009. In this letter respondent's AO requested that petitioner submit proof of Federal tax deposits for the period ending December 31, 2008, and a copy of petitioner's signed Federal employment tax return for the period ending September 30, 2008.

On January 9, 2009, an Appeals Office hearing was held by telephone conference between respondent's AO and petitioner. During this telephone conference petitioner and respondent's AO

---

[2]Apparently petitioner has unpaid Federal employment taxes due for other periods, as well as unpaid Federal unemployment taxes for 2 years. Petitioner lists on the petition herein as properly in issue those other periods and years. However, because the notice of determination that petitioner challenges herein relates only to a proposed levy to collect petitioner's unpaid Federal employment taxes for the period ending June 30, 2006, those other periods and years are not properly before us.

discussed, among other things, petitioner's interest in proposing an offer-in-compromise.

On January 12, 2009, respondent's AO--following up on the January 9, 2009, telephone conference call--sent petitioner a Form 656, Offer in Compromise, and requested petitioner to provide financial information. Petitioner never submitted a completed Form 656, any less formal offer-in-compromise, or any of the requested financial information.

On January 11, 2010, respondent's AO made a determination under section 6330 and mailed to petitioner a notice thereof sustaining respondent's proposed levy action. In this notice respondent's AO indicated that because petitioner failed to submit an offer-in-compromise (and the requested financial information needed for proper consideration of an offer-in-compromise), respondent's notice of intent to levy was justified.

On February 18, 2010, petitioner filed the petition herein challenging respondent's January 11, 2010, notice of determination.

On December 3, 2010, respondent filed a motion for summary judgment. On December 8, 2010, the Court issued an order directing petitioner to file a response to respondent's motion. Petitioner failed to file any such response.

On February 28, 2011, this case was called from the calendar for the trial session at St. Paul, Minnesota.  There was no appearance by or on behalf of petitioner.[3]

### Discussion

When no material fact remains at issue, we may grant summary judgment as a matter of law.  Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).  Petitioner has not properly pursued any contest of her liability for the employment tax liabilities for the period in issue.[4]  We review respondent's Appeals Office determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Taxpayers who wish to propose an offer-in-compromise are required to submit a Form 656.  See Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).  Although petitioner indicated her interest in proposing an offer-

---

[3]During the calendar call on Feb. 28, 2011, respondent's counsel informed the Court that petitioner's representative--who has not entered an appearance in this case--had informed respondent's counsel that petitioner would not be responding to respondent's motion for summary judgment.

[4]In her petition, petitioner challenges the penalties associated with her unpaid Federal employment and unemployment tax liability.  Petitioner did not raise any argument pertaining to penalties on her Form 12153 and, in failing to respond to respondent's motion for summary judgment and to appear at the calendar call on Feb. 28, 2011, has failed to address substantively the penalties issue before this Court.

in-compromise, she never submitted to respondent's AO a Form 656.
Because petitioner failed to submit to respondent's AO any offer-
in-compromise, there was no abuse of discretion in respondent's
AO's failing to consider one.  See Kendricks v. Commissioner, 124
T.C. 69, 79 (2005).

Respondent's determination properly verified that all
requirements of applicable law and administrative procedure have
been met, that respondent's AO considered the issues petitioner
raised in her CDP hearing, and that respondent's AO balanced the
need for efficient collection of taxes with the legitimate
concern of petitioner that the collection action be no more
intrusive than necessary.  See sec. 6330(c)(3).

Further, because petitioner failed to respond to
respondent's motion for summary judgment and to attend (or have
someone appear on her behalf at) the calendar call, petitioner
has waived her right to contest respondent's motion.  See Rule
121(d); Aquirre v. Commissioner, 117 T.C. 324, 327 (2001).

We sustain respondent's determination to reject petitioner's
proposed collection alternative of an offer-in-compromise.

To reflect the foregoing,

An appropriate order and
decision will be entered for
respondent.