T.C. Memo. 2011-270

UNITED STATES TAX COURT

DAVID C. WARING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1599-10L.          Filed November 15, 2011.

David C. Waring, pro se.

<u>James R. Bamberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On December 14, 2009, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) which sustained the filing of a notice of intent to levy for taxable years 2005 and 2006.  In response to that

notice and pursuant to section 6330(d),[1] petitioner timely petitioned this Court for review of respondent's refusal to consider the underlying tax liabilities and denial of petitioner's offer-in-compromise (OIC) in a collection due process (CDP) hearing.

The issues for decision are (1) whether petitioner was provided the opportunity to challenge the underlying tax liabilities for taxable years 2005 and 2006, and (2) whether respondent's determination to sustain the collection by levy was an abuse of discretion.

                    FINDINGS OF FACT

Some of the facts and exhibits have been stipulated and are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Florida.

Petitioner timely filed his taxable year 2005 and 2006 Federal income tax returns.  On February 21, 2008, respondent mailed to petitioner a notice of deficiency determining income tax deficiencies for taxable years 2005 and 2006 and accuracy-related penalties under section 6662.  Petitioner received the

---

[1]All section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

notice of deficiency but failed to contest or pay the outstanding tax liabilities.[2]

On May 25, 2009, respondent sent to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing for the unpaid income tax and penalties for taxable years 2005 and 2006. On June 15, 2009, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the proposed collection by levy. In his request, petitioner requested an OIC and disagreed with the levy because of economic hardship.

On October 13, 2009, Settlement Officer (SO) LaTorre sent to petitioner a letter which scheduled a November 18, 2009, CDP hearing. The letter further advised petitioner that in order for an OIC to be considered, he had to provide SO LaTorre within 14 days of the letter with the following: (1) Signed Federal tax returns for taxable periods ended December 31, 2007 and 2008, (2) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (3) a proposal for repayment.

---

[2]Some time after the 90-day window to file a petition with the Court, petitioner did prepare and submit a Form 1040X, Amended U.S. Individual Income Tax Return, and contact respondent's audit reconsideration unit. Unfortunately, petitioner did not simultaneously file a timely petition with the Court, therefore documents and arguments related to this are not relevant.

On October 27, 2009, petitioner contacted SO LaTorre and requested a face-to-face CDP hearing, which SO LaTorre denied as petitioner was not in compliance with filing requirements.  On November 16, 2009, respondent agreed to petitioner's request to reschedule the CDP hearing until November 20, 2009, to allow petitioner further time to collect documentation.

On November 20, 2009, SO LaTorre held a telephone CDP hearing with petitioner.  Petitioner challenged the underlying tax liabilities for the periods at issue and challenged the levy as inappropriate because of petitioner's financial hardship.

On December 14, 2009, respondent mailed to petitioner a notice of determination upholding the levy action, denying petitioner's OIC.  As petitioner had had a previous opportunity to contest the underlying liabilities, he was not able to contest them at the CDP hearing.[3]  Further, while petitioner orally mentioned an OIC, petitioner never filed documentation supporting the offer.  In response, petitioner timely filed a petition with this Court.

OPINION

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.

---

[3]The outstanding tax liabilities for both taxable years stem from petitioner's attempt to form a sec. 501(c)(3) charitable organization.  Unfortunately, petitioner did not file the application for tax-free status until Apr. 13, 2007, after the taxable years at issue.

Davis v. Commissioner, 115 T.C. 35, 39 (2000).  Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner may prove abuse of discretion by showing that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

Underlying Liability

Generally, section 6330 provides protections for taxpayers in tax collection matters.  Under section 6330, a taxpayer is given notice of the Government's intent to levy and the right to an administrative collection hearing and judicial review of that proposed levy.  Goza v. Commissioner, supra at 179.  A taxpayer may dispute the underlying tax liability at the administrative hearing if two requirements have been satisfied:  (1) The taxpayer did not receive a notice of deficiency for that tax liability and (2) the taxpayer did not otherwise have an opportunity to dispute that tax.  See Hoyle v. Commissioner, 131 T.C. 197, 199 (2008).

Petitioner was sent a notice of deficiency on February 21, 2008, which informed him that he had until May 21, 2008, to file a petition with the Court.  Petitioner failed to file a petition

with the Court before the period to file expired.  Therefore, petitioner had an opportunity to dispute the tax, and the standard of review for the denial of his OIC is abuse of discretion.

Abuse of Discretion

Petitioner contends that respondent's refusal to consider a collection alternative because he had not filed a formal OIC was an abuse of discretion.  Taxpayers who wish to propose an OIC must submit a Form 656, Offer in Compromise.  See Goodwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).  The Court has held that there is no abuse of discretion when Appeals fails to consider an OIC when a Form 656 was not filed with Appeals.  See Pough v. Commissioner, 135 T.C. 344, 352 (2010); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); cf. Vinatieri v. Commissioner, 133 T.C. 392 (2009). Petitioner did not submit a Form 656 or propose defined settlement terms.  The Court finds that SO LaTorre did not abuse her discretion in rejecting petitioner's proposed collection alternative.

Balancing Test Under Section 6330(c)(3)(C)

An SO's review of a taxpayer's OIC must include:  (1) Verification that the requirements of any applicable law or administrative procedure have been met; (2) consideration of any allowance issues raised by the taxpayer; and (3) review of

whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

SO LaTorre met all of these requirements. She reviewed the Internal Revenue Service's transcripts and computer records of petitioner's account to determine that the requirements of applicable law and administrative procedure had been met. See Hill v. Commissioner, T.C. Memo. 2002-272. SO LaTorre considered the issues petitioner raised but determined that he could not contest the validity or amount of his underlying tax liabilities because he had had a prior opportunity to do so. SO LaTorre also rejected petitioner's OIC, as he failed to file a Form 656. SO LaTorre performed the balancing test, finding that the levy balanced the need for collection with the concerns of petitioner.

To reflect the foregoing,

Decision will be entered for respondent.