T.C. Memo. 2012-56

UNITED STATES TAX COURT

ROBERT A. AKONJI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27581-10L.                    Filed February 28, 2012.

Robert A. Akonji, pro se.

<u>Samuel A. Naylor</u>, for respondent.

## MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for summary judgment (respondent's motion) pursuant to Rule 121.[1]  Respondent contends that no genuine issue exists as to any material fact and that the determination to maintain a notice of Federal tax lien (NFTL) filed under section 6323 should be sustained.  Petitioner has not responded to respondent's motion, despite an order from this Court instructing him to do so.

### Background

On October 16, 2006, petitioner filed a 2005 Federal income tax return reporting a tax liability of $10,741, which respondent assessed on November 6, 2006.  On November 6, 2006, as a result of the income tax liability shown on petitioner's 2005 return, respondent assessed an addition to tax under section 6651(a)(2) of $70.42 and assessed $88.08 in interest.  The section 6651(a)(2) addition to tax was reduced by $20.12 on December 25, 2006.

On October 15, 2008, petitioner filed a 2007 Federal income tax return reporting a tax liability of $15,794, which respondent assessed on November 3,

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

2008. Also on November 3, 2008, as a result of the income tax liability shown on petitioner's 2007 return, respondent assessed additions to tax under sections 6651(a)(2) and 6654 of $127.33 and $104.10, respectively, and assessed $113.05 in interest.

On January 22, 2010, petitioner and the IRS entered into a partial payment installment agreement (PPIA),whereby petitioner would pay $200 per month to respondent. The PPIA will not lead to petitioner's income tax liabilities being paid in full. The letter acknowledging the agreement stated that the IRS could file a lien to protect the interest of the Government.

On February 2, 2010, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, regarding petitioner's unpaid 2005 and 2007 income tax liabilities.

On March 22, 2010, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner attached to Form 12153 a letter from respondent, dated February 11, 2010, confirming the existence of the previously mentioned installment agreement.

By letter dated July 23, 2010, respondent acknowledged receipt of petitioner's collection due process (CDP) hearing request. By letter dated August 24, 2010, respondent's settlement officer scheduled a conference for October 5,

2010. Petitioner failed to participate in the scheduled conference or to provide respondent's settlement officer with the requested information.

By letter dated October 6, 2010, respondent's settlement officer communicated with petitioner regarding his failure to submit information or participate in the conference on October 5, 2010, and provided him another opportunity to present the information to respondent for consideration by October 20, 2010.

Petitioner did not respond to respondent's October 6, 2010, letter. Petitioner failed to: (1) participate in a conference with respondent's Appeals Office, (2) present any information or documentation to respondent for Appeals consideration, and (3) present any collection alternatives to respondent.

On November 8, 2010, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that respondent followed all legal and procedural requirements in the filing of the NFTL.

Petitioner filed a timely petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A

motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc., & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc., & Subs. v. Commissioner, 115 T.C. 554, 560 (2000). Petitioner failed to respond to respondent's motion and has failed to indicate that there is a genuine issue for trial. Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Petitioner has the burden of proof regarding his underlying liabilities.  See Rule 142(a).  A taxpayer is precluded from disputing an issue, including a challenge to the underlying liability, which was not properly raised in the CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Petitioner made no arguments and presented no evidence to bring into doubt the correctness of the underlying tax liabilities as determined by respondent.  Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The only contention petitioner made in contesting the NFTL is that he had entered into an installment agreement with respondent.  Section 6323(j)(1)(B) allows the Secretary to withdraw a notice of a lien if the taxpayer has entered into an installment agreement under section 6159 that satisfies the liability for which the lien was imposed.  However, the PPIA petitioner entered into will not lead to the satisfaction of the liabilities for which the lien was imposed.  Consequently, respondent was not required to withdraw the lien and was justified in filing a notice of Federal tax lien upon establishing the PPIA with petitioner, in accordance with respondent's administrative procedures.  See Internal Revenue Manual pt.

5.12.2.4.1 (Oct. 30, 2009), 5.12.2.4.2 (Oct. 30, 2009).  Also, by failing to respond

to respondent's motion, petitioner waived his right to contest it.  <u>See</u> Rule 121(d);

<u>Lunsford v. Commissioner</u>, 117 T.C. 183, 187 (2001).  We conclude that

respondent's determination sustaining the NFTL was not an abuse of discretion, in

the light of the fact that petitioner failed to present any of the information necessary

to consider the lien's withdrawal and that he failed to participate in the scheduled

conference.

     To reflect the foregoing,

<u>An appropriate order will be issued</u>

<u>granting respondent's motion and decision</u>

<u>will be entered for respondent</u>.