**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-23

UNITED STATES TAX COURT

NORMA C. HENNESSEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19283-12S L.                     Filed March 20, 2013.

Norma C. Hennessey, pro se.

<u>John M. Janusz</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions

of section 7463[1] of the Internal Revenue Code.  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that the determination to maintain a notice of Federal tax lien filed under section 6323 should be sustained. Petitioner has not responded to the motion, despite two orders from this Court instructing her to do so.[2]

## Background

At the time the petition was filed, petitioner resided in New York.

On April 18, 2011, petitioner filed her 2008 and 2009 Federal income tax returns. Petitioner failed to pay the full amounts of her tax liabilities, and on May 30, 2011, respondent assessed the tax shown on the returns as well as penalties and interest.

Respondent filed a notice of Federal tax lien regarding petitioner's unpaid tax liabilities for the taxable years 2008 and 2009. Respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

_____

[2]By order dated December 18, 2012, the Court directed petitioner to file a response on or before January 18, 2013. By order dated January 24, 2013, the Court granted petitioner's motion for an extension of time to file a response to the motion and extended the time to February 14, 2013. No response was filed by petitioner.

6320, dated June 29, 2011. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which she did not contest the underlying tax liabilities but instead requested a collection alternative because she could not pay the balance. On October 24, 2011, petitioner submitted a Form 656, Offer in Compromise. The Centralized Offer in Compromise (COIC) unit reviewed petitioner's offer and informed the settlement officer from the Internal Revenue Service (IRS) Appeals Office that the submitted financial information indicated petitioner could fully pay her tax liabilities through an installment agreement. By letter dated May 8, 2012, the settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference call for May 24, 2012.

Petitioner did not call the settlement officer on May 24, 2012. By letter dated May 24, 2012, the settlement officer informed petitioner that she had not called the settlement officer for the scheduled CDP hearing. The letter further stated that petitioner had 14 days to provide any additional information she would like the settlement officer to consider in making her determination. Petitioner did not contact the settlement officer or provide any additional information.

The IRS Appeals Office sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated June 27, 2012,

determining that all legal and procedural requirements in the filing of the notice of Federal tax lien had been followed and that the notice of Federal tax lien was appropriate. Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002);

FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).  Petitioner failed to respond to the motion and has failed to demonstrate that there is a genuine dispute for trial.  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.  Section 6323 authorizes the Commissioner to file a notice of Federal tax lien.  Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the filing.  See Katz v. Commissioner, 115 T.C. 329, 333 (2000).  If a taxpayer requests a CDP hearing, she may raise at that hearing any relevant issue relating to the unpaid tax or the lien.  Secs. 6330(c)(2), 6320(c).  Relevant issues include possible alternative means of collection.  Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  A taxpayer is precluded from disputing a section 6330(c)(2) issue, including a challenge to the underlying liability, which was not

properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioner did not raise her underlying tax liabilities in her request for a CDP hearing. In her petition she made no specific allegations or arguments regarding the correctness of the underlying tax liabilities, and she failed to file any response to the motion. Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based her determination on the factors required by section 6330(c)(3).

In the petition, petitioner argues that her current financial information was not used in the settlement officer's determination that she had the ability to fully pay her

tax liabilities through an installment agreement. The record demonstrates that the settlement officer's determination was made on the basis of the financial information that petitioner provided to the COIC unit. Petitioner failed to participate in the CDP hearing and did not provide any financial information to the settlement officer. <u>See</u> sec. 301.6320-1(f)(2), A-F3, Proced. & Admin. Regs. Petitioner also failed to respond to the motion as ordered by the Court. By failing to respond to the assertions in the motion, petitioner waived her right to contest them. <u>See</u> Rule 121(d); <u>Lunsford v. Commissioner</u>, 117 T.C. at 187; <u>Akonji v. Commissioner</u>, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6. Consequently, the settlement officer did not abuse her discretion in denying petitioner's request for a collection alternative. As a result, respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent</u>.