T.C. Memo. 2013-205

UNITED STATES TAX COURT

DAVID EDGAR HOLLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16537-12L.                    Filed August 29, 2013.

David Edgar Holland, pro se.

<u>Jonathan E. Behrens</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code in effect at all relevant times.

[*2] genuine dispute exists as to any material fact and that the determination to collect petitioner's income tax liabilities by levy should be upheld. Petitioner has not responded to the motion, despite an order from this Court instructing him to do so.[2]

Background

At the time the petition was filed, petitioner resided in Delaware.

Petitioner timely filed his 2001 Federal income tax return, and respondent assessed the tax reported on the return. Petitioner's withheld taxes were insufficient to pay the tax liability reported on the return. Consequently, respondent assessed the tax and the failure to pay penalty.

Petitioner did not file Federal income tax returns for the taxable years 2002 and 2004. Respondent prepared substitutes for returns (SFRs) for the taxable years 2002 and 2004 pursuant to section 6020(b). Respondent mailed to petitioner a notice of deficiency for the taxable years 2002 and 2004. Petitioner received the notice of deficiency but did not file a petition. Respondent assessed the tax and penalties as determined in the notice of deficiency.

---

[2]By order dated March 12, 2013, the Court directed petitioner to file a response on or before April 12, 2013. No response was filed by petitioner.

[*3]   Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated March 28, 2011, advising him that respondent intended to levy to collect the unpaid tax liabilities for the taxable years 2001, 2002, and 2004 (years at issue) and that he could request a hearing with respondent's Office of Appeals.  The amounts of unpaid taxes, penalties, and interest for the years at issue as of March 28, 2011, were as follows:

| Year | Assessed balance | Accrued penalty | Accrued interest | Total |
|------|------|------|------|------|
| 2001 | $515.00 | --- | $309.41 | $824.41 |
| 2002 | 1,277.13 | --- | 241.27 | 1,518.40 |
| 2004 | 27,665.71 | $0.01 | 5,110.22 | 32,775.94 |

Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest the underlying liabilities but instead requested an offer-in-compromise.

By letter dated March 30, 2012, respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference call for May 1, 2012.  In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that a decision could be made regarding petitioner's request for an

[*4] offer-in-compromise. The letter also stated that petitioner had not filed Federal income tax returns for the years 2005 through 2011, and that he must provide signed returns for these years to the settlement officer.

On April 23, 2012, the settlement officer received from petitioner a completed Form 433-A and signed copies of petitioner's Federal income tax returns for the years 2001, 2002, and 2004 through 2010. The settlement officer also received an unsigned return for 2011, which he returned to petitioner with instructions to sign the return and mail it to the address specified in the instructions for Form 1040, U.S. Individual Income Tax Return.

Using the information reported on Form 433-A the settlement officer determined that petitioner was able to make monthly payments of $569 towards his tax liabilities. The settlement officer also determined that petitioner had cash on hand of $2,465.33. Furthermore, using the quick sale value method, respondent determined that petitioner had equity in real estate of $12,000 and equity in vehicles of $8,400. As a result, petitioner had equity in property of $22,865.33 that he could sell in order to pay his tax liabilities. Because petitioner could make a monthly payment of $569 and had $22,865.33 of equity in property, the settlement officer determined that petitioner could fully pay the outstanding tax liabilities for the years at issue.

**[*5]** During the CDP hearing on May 1, 2012, the settlement officer informed petitioner that he did not evaluate petitioner's eligibility for an offer-in-compromise because petitioner did not submit a Form 656, Offer in Compromise. The settlement officer gave petitioner until May 14, 2012, to submit a Form 656. Petitioner did not provide the settlement officer with a Form 656.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 30, 2012, sustaining the levy action. Petitioner timely filed a petition with this Court.

Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party.

**[\*6]** <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by \* \* \* [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000). Despite our order that petitioner file a response, he failed to respond to the motion and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. If a taxpayer requests a CDP hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy. Sec.

**[*7]** 6330(c)(2).  Relevant issues include possible alternative means of collection.  Sec. 6330(c)(2)(A)(iii).

Standard of Review

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Underlying Liability for 2001

Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of the tax liability reported on his original return if he has not received a notice of deficiency or not otherwise had an opportunity to dispute the tax liability in question.  See Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).  Petitioner timely filed his 2001 Federal income tax return.  Petitioner did not receive a notice of deficiency and did not have a previous opportunity to dispute his 2001 tax liability.  However, during the CDP hearing petitioner submitted an amended return for 2001.  The tax shown on the amended return exceeded the tax shown on the original return.  Therefore, petitioner did not dispute the amount of the 2001 tax liability assessed by respondent.  Consequently, petitioner's 2001 tax liability is not properly before the Court.

**[\*8]**  <u>Underlying Liabilities for 2002 and 2004</u>

Petitioner received a notice of deficiency for the taxable years 2002 and 2004 based on SFRs prepared by respondent.  During the CDP hearing petitioner submitted Federal income tax returns for the 2002 and 2004 taxable years.  The settlement officer forwarded these returns to be processed.

Section 6330(c)(2)(B) states a "person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Pursuant to section 6330(c)(2)(B) a person may not raise the underlying tax liability if he received a notice of deficiency.  <u>See also</u> sec. 301.6330-1(e)(3), A-E2, Proced. & Admin. Regs.

The settlement officer's decision to forward petitioner's 2002 and 2004 Federal income tax returns for processing does not result in a waiver by respondent of the restriction set forth in section 6330(c)(2)(B).  <u>See</u> <u>Behling v. Commissioner</u>, 118 T.C. 572, 579 (2002).  Therefore, the settlement officer's consideration of petitioner's tax liabilities for the 2002 and 2004 taxable years does not allow the Court to consider such precluded issues.  <u>See</u> <u>Miller v. Commissioner</u>, T.C. Memo. 2007-35, 2007 Tax Ct. Memo LEXIS 32, at \*22; sec.

**[\*9]** 301.6330-1(e)(3), A-E11, Proced. & Admin. Regs. ("Any determination, however, made by the Appeals officer with respect to such a precluded issue shall not be treated as part of the Notice of Determination issued by the Appeals officer <u>and will not be subject to any judicial review</u>."  (Emphasis added.)).

Consequently, petitioner's 2002 and 2004 tax liabilities are not properly before the Court.

<u>Abuse of Discretion</u>

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion.  <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 200 (2008); <u>Goza v. Commissioner</u>, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3); <u>see also</u> <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 184 (2001).  The settlement officer properly based his determination on the factors required by section 6330(c)(3).

[*10] <u>Offer-in-Compromise</u>

The settlement of disputed tax liabilities is governed by sections 7121 and 7122, which authorize the Secretary to settle any tax disputes and compromise any civil or criminal case arising under the internal revenue laws. Regulations under section 7122 clarify the procedure required with respect to an offer-in-compromise. Section 301.7122-1(d)(1), Proced. & Admin. Regs., provides that an "offer to compromise a tax liability pursuant to section 7122 must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary. An offer to compromise a tax liability must be made in writing, must be signed by the taxpayer under penalty of perjury, and must contain all of the information prescribed or requested by the Secretary." Rev. Proc. 2003-71, sec. 4.01, 2003-2 C.B. 517, 517, provides that an "offer to compromise a tax liability must be submitted in writing on the Service's Form 656, Offer in Compromise." See also <u>Godwin v. Commissioner</u>, T.C. Memo. 2003-289, 2003 Tax Ct. Memo LEXIS 292, at *32 ("Taxpayers who wish to propose an offer in compromise must submit a Form 656".), <u>aff'd</u>, 132 Fed. Appx. 785 (11th Cir. 2005)

Petitioner requested an offer-in-compromise on Form 12153. During the CDP hearing the settlement officer informed petitioner that he must submit a Form 656 to be evaluated for an offer-in-compromise. The settlement officer gave

**[*11]** petitioner 14 days to submit a Form 656. Petitioner never submitted a Form 656.

There is no abuse of discretion when the settlement officer fails to consider a taxpayer's request for an offer-in-compromise when a Form 656 was not filed. See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Gentile v. Commissioner, T.C. Memo. 2013-175, at *9; Waring v. Commissioner, T.C. Memo. 2011-270, 2011 Tax Ct. Memo LEXIS 262, at *6; Ludzack v. Commissioner, T.C. Memo. 2011-111, 2011 Tax Ct. Memo LEXIS 108, at *5-*6. Furthermore, petitioner failed to respond to the motion as ordered by the Court. By failing to respond to the assertions in the motion, petitioner waived his right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. at 187; Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6. Consequently, the settlement officer did not abuse his discretion in denying petitioner's request for a collection alternative. As a result, respondent's determination is sustained.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

**[*12]**  To reflect the foregoing,

An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent.