T.C. Memo. 2015-16

UNITED STATES TAX COURT

MARK C. MEDAIRY, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27850-13L.                    Filed January 22, 2015.

Mark C. Medairy, Jr., pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  The matter before the Court is respondent's motion for

summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] genuine dispute exists as to any material fact and that the determination to maintain a notice of Federal tax lien filed under section 6323 should be sustained. By order dated December 11, 2014, the Court directed petitioner to file a response to the motion on or before January 5, 2015. Petitioner has not responded to the motion despite an order from this Court instructing him to do so.

## Background

At the time the petition was filed, petitioner resided in Maryland.

Petitioner failed to file an income tax return for 2009. On March 26, 2012, respondent sent to petitioner a notice of deficiency for his 2009 tax year. Petitioner did not file a petition with the Tax Court for a redetermination of his deficiency, and, on August 20, 2012, respondent assessed an income tax deficiency of $27,018 and additions to tax under sections 6651(a)(1) and (2) and 6654 totaling $8,462.17 for tax year 2009.

On April 23, 2013, respondent sent to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising him that respondent had filed a Notice of Federal Tax Lien and that he could receive a hearing with the Internal Revenue Service (IRS) Office of Appeals. On May 22, 2013, petitioner submitted a timely Form 12153, Request for a Collection

[*3] Due Process or Equivalent Hearing. In his request, petitioner's only requested relief was an installment agreement.

By letter dated July 24, 2013, the settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference call for August 15, 2013. In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and/or Form 433-B, Collection Information Statement for Businesses; a copy of his 2012 income tax return; signed income tax returns for tax years 2009, 2010, 2011, and 2012, which had not yet been filed; and proof of estimated tax payments for tax year 2013 so that he could make a decision regarding petitioner's request for an installment agreement.

On August 15, 2013, the settlement officer conducted a telephone conference call with petitioner, at which time they reviewed the issues in the case. Petitioner stated that he believed his 2009 income tax assessment was incorrect. The settlement officer told petitioner that he would have to file a 2009 tax return and that he would have to file all outstanding returns to qualify for an installment agreement as a collection alternative. Petitioner requested three weeks to prepare the necessary documents. At the conclusion of the August 15 conference the

[*4] settlement officer agreed to allow petitioner until September 5, 2013, to prepare his unfiled returns.

On September 9, 2013, petitioner left a voice mail message requesting more time to complete the unfiled returns. In response, the settlement officer agreed to send (via facsimile) to petitioner respondent's information regarding his 2009 income tax liability and allowed him an additional 10 days, until September 20, 2013, to provide the missing returns. Petitioner did not forward the missing income tax returns. On September 20, 2013, the settlement officer left a voice mail message for petitioner regarding the status of his case. Petitioner did not respond to the September 20 voice mail, and, on September 23, 2013, the settlement officer closed the CDP hearing. On October 30, 2013, the IRS Appeals Office sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the notice of Federal tax lien was appropriate. Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a

**[*5]** decision may be rendered as a matter of law. Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000). Petitioner failed to respond to the motion and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging

[*6] to such person.  Section 6323 authorizes the Commissioner to file a notice of Federal tax lien.  Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the filing.  See Katz v. Commissioner, 115 T.C. 329, 333 (2000).  If a taxpayer requests a CDP hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or the lien.  Secs. 6330(c)(2), 6320(c).  Relevant issues include possible alternative means of collection.  Sec. 6330(c)(2)(A)(iii).

A taxpayer is precluded from disputing a section 6330(c)(2) issue, including a challenge to the underlying liability, which was not properly raised in the CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Petitioner did not properly raise his underlying tax liability in his request for a CDP hearing.  In his petition he made no specific allegations or arguments regarding the correctness of the underlying tax liability, he failed to present any facts regarding the underlying liability to the settlement officer, and he failed to file any response to the motion as we ordered.  Consequently, petitioner's underlying tax liability is not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. 176,

**[*7]** 182 (2000).  The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  The settlement officer properly based her determination on the factors required by section 6330(c)(3).

Petitioner failed to meaningly participate in the CDP hearing and did not provide the requested financial information to the settlement officer.  See sec. 301.6320-1(f)(2), A-F3, Proced. & Admin. Regs.  Petitioner also failed to respond to the motion as ordered by the Court.  By failing to respond to the assertions in the motion, petitioner waived his right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. at 187; Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.  The settlement officer's determination was made on the basis of the information available, and it is not an abuse of discretion for a settlement officer to deny an installment agreement and sustain a proposed collection action on the basis of a taxpayer's failure to submit requested financial information or historical noncompliance with tax laws.  Cavazos v. Commissioner,

**[\*8]** T.C. Memo. 2008-257, 2008 Tax Ct. Memo LEXIS 256.  Consequently, the settlement officer did not abuse her discretion in denying petitioner's request for a collection alternative.  As a result, respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent</u>.