T.C. Memo. 2012-24

UNITED STATES TAX COURT

TERRANCE CLEM WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5031-11L.                    Filed January 24, 2012.

Terrance Clem Wright, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no genuine issue exists as to any material fact and that the determination to maintain a notice of Federal tax lien filed under section 6323 should be sustained.  In his response to respondent's motion, petitioner does not contest any of respondent's allegations and seems to indicate that respondent's motion should be granted.

Background

At the time the petition was filed, petitioner resided in Pennsylvania.  Petitioner filed income tax returns for the taxable years 1999, 2000, 2001, 2003, 2004, 2005, 2006, 2007, and 2008 (years at issue) but failed to pay all of the liabilities reported on the returns.  As a result, respondent assessed the taxes shown on the returns.  Respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated March 18, 2010, advising petitioner that a notice of Federal tax lien (NFTL) had been filed with respect to his unpaid liabilities for the years at issue and that petitioner could

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

request a hearing with respondent's Office of Appeals. On April 25, 2010, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest the underlying tax liabilities but instead requested an installment agreement. On November 19, 2010, respondent's settlement officer sent petitioner a letter scheduling a telephone conference for January 18, 2011. In the letter, the settlement officer requested that petitioner provide financial information and a monthly payment proposal so that she could make a decision regarding petitioner's request for an installment agreement.

On January 18, 2011, a telephone conference was held between respondent's settlement officer and petitioner. Petitioner advised the settlement officer that he was not currently able to afford to make any installment agreement payments. The settlement officer advised petitioner that while he had provided respondent with some of the financial documents that were requested, he did not provide bank statements, and, as a result, there was insufficient information available for the settlement officer to determine whether petitioner should be placed in currently not collectible (CNC) status. The settlement officer further advised petitioner that he could pursue CNC status when he obtained all of the necessary financial documents.

On February 2, 2011, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that petitioner would not be granted relief from the NFTL and that petitioner did not qualify for withdrawal of the notice as allowed for by section 6323(j).  On March 1, 2011, petitioner filed a petition with this Court.  In the petition, petitioner does not contest the underlying liabilities or the denial of an installment agreement.  Instead, petitioner's only contention is that he does not have sufficient funds to pay his admitted liabilities, and he requests suspension of collection action on the basis of economic hardship.

Discussion

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law.  FPL Grp., Inc. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In all cases, the evidence

is viewed in the light most favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 560 (2000). Petitioner's response to respondent's motion fails to indicate that there is a genuine issue for trial. Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181 (2000). Petitioner has the burden of proof regarding his underlying liabilities. <u>See</u> Rule 142(a); <u>Smith v. Commissioner</u>, T.C. Memo. 2008-229. Petitioner made no specific arguments and presented no evidence to bring into doubt the correctness of the underlying tax liabilities as calculated by respondent.

The Court reviews administrative determinations by respondent's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 181-182. The determination of an Appeals officer must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

The notice of determination sets forth the Internal Revenue Service's verification of compliance with applicable law and administrative procedure, and petitioner did not challenge that verification. Consequently, no verification issues under section 6330(c) are at issue. Furthermore, the issues raised in the petition pertain only to collection alternatives based upon his financial hardship, and these issues were considered by the Appeals officer. The Appeals officer determined that the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that any collection be no more intrusive than necessary.

The Appeals officer determined not to grant petitioner's request that the collection activity against him be suspended on the ground of financial hardship. Suspension of collection activity is a "collection alternative" that the taxpayer may propose and that the Office of Appeals must take into consideration. See sec. 6330(c)(2)(A)(iii), (3)(B). The Internal Revenue Manual (IRM) makes provision for a taxpayer's account to be declared "currently not collectible" in cases of "hardship". See IRM pts. 1.2.14.1.14 (Nov. 19, 1980) (Policy Statement 5-71), 5.16.1.2.9 (May 5, 2009). To justify suspension of collection on the ground that the account should be deemed CNC, petitioner must show that he cannot afford to pay the liabilities; and to do so he must show his financial circumstances, including the money that is available to him and the expenses that he bears. See Pitts v. Commissioner, T.C. Memo. 2010-101; sec. 301.6320-1(e)(1), Proced. & Admin. Regs. An Appeals officer does not abuse his or her discretion in denying CNC status where the taxpayer has not submitted the necessary financial information. Mahlum v. Commissioner, T.C. Memo. 2010-212; Swanton v. Commissioner, T.C. Memo. 2010-140. The Appeals officer requested that petitioner submit bank statements and other financial information so that collection alternatives could be considered. Petitioner submitted some of the requested information but failed to submit bank statements. Because petitioner failed to submit the requested bank

statement information, the Appeals officer was unable to accurately ascertain petitioner's financial circumstances and, consequently, determined that she could not calculate the appropriate installment agreement terms or grant petitioner CNC status. In the absence of the requested information, respondent's Appeals officer did not abuse her discretion in denying petitioner's request for collection alternatives. See Mahlum v. Commissioner, T.C. Memo. 2010-212; Swanton v. Commissioner, T.C. Memo. 2010-140; Pitts v. Commissioner, T.C. Memo. 2010-101. As a result, respondent's determination is sustained.

To reflect the foregoing,

An appropriate order and decision will be entered.