T.C. Memo. 2012-222

UNITED STATES TAX COURT

EILEEN M. YOEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26319-10L.                    Filed August 2, 2012.

Eileen M. Yoel, pro se.

<u>Jayne M. Wessels</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

**[\*2]** genuine issue exists as to any material fact and that the determination to maintain a notice of Federal tax lien (NFTL) filed under section 6323 should be sustained. Petitioner has not responded to the motion, despite an order from this Court instructing her to do so.

Background

At the time the petition was filed, petitioner resided in Pennsylvania.

Respondent filed the NFTL regarding petitioner's unpaid taxes for the taxable years 2001, 2002, and 2003 (years at issue). Respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated February 9, 2010, advising petitioner that a notice of Federal tax lien had been filed with respect to her unpaid liabilities for the years at issue and that she could request a hearing with respondent's Office of Appeals. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which she did not contest the underlying tax liabilities but instead requested an installment agreement. By letter dated June 14, 2010, respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference for July 13,

[*3] 2010. In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that she could make a decision regarding petitioner's request for an installment agreement.

On June 28, 2010, the settlement officer received from petitioner a facsimile requesting a face-to-face hearing. In response the settlement officer telephoned petitioner and left a voice mail message stating that before a face-to-face hearing could be scheduled petitioner needed to send the financial information previously requested. On July 12, 2010, the settlement officer received another letter from petitioner requesting a face-to-face hearing. Petitioner did not include a completed Form 433-A with the letter. The settlement officer again telephoned petitioner and left a voice mail message explaining that she had to submit Form 433-A before a face-to-face hearing could be scheduled. On September 9, 2010, the settlement officer made one last attempt to contact petitioner by leaving a voice mail message stating that she had to provide a completed Form 433-A by September 23, 2010, or her case would be closed.

Petitioner never submitted a completed Form 433-A. Petitioner failed to participate in a conference with the settlement officer and presented no information or documentation to the settlement officer for consideration.

**[*4]** Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated October 28, 2010, determining that respondent followed all legal and procedural requirements in the filing of the NFTL and that the NFTL was appropriate.

Petitioner timely filed a petition with this Court.

Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 Fed. Appx. 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

**[*5]** admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioner failed to respond to respondent's motion and has failed to indicate that there is a genuine issue for trial. Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 authorizes the Commissioner to file an NFTL. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the NFTL filing. See Katz v. Commissioner, 115 T.C. 329, 333 (2000). If a taxpayer requests a CDP hearing, she may raise at that hearing any relevant issue relating to the unpaid tax or the lien. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

**[*6]**   If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Petitioner has the burden of proof regarding her underlying liabilities.  See Rule 142(a).  A taxpayer is precluded from disputing an issue, including a challenge to the underlying liability, which was not properly raised in the CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Petitioner did not raise her underlying tax liabilities in her request for a CDP hearing.  In her petition she  made no specific allegations or arguments regarding the correctness of the underlying tax liabilities, and she failed to file any response to the motion.  Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by respondent's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than

[*7] necessary.  Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  We note that the settlement officer properly based her determination on the factors required by section 6330(c)(3).

Petitioner claims that the settlement officer abused her discretion by not taking into consideration issues petitioner raised.  In her petition, petitioner alleges that the settlement officer improperly denied her request for a face-to-face hearing.  Respondent contends that the settlement officer did not abuse her discretion because petitioner failed to provide the requested necessary financial information.

A face-to-face hearing is not required under section 6330.  See Katz v. Commissioner, 115 T.C. at 337-338 (a proper section 6330 hearing may occur by telephone conference); Leineweber v. Commissioner, T.C. Memo. 2004-17, 2004 Tax Ct. Memo LEXIS 16, at *11.  We have decided that it is not an abuse of discretion when the Commissioner denies a taxpayer's face-to-face hearing request if the taxpayer did not provide the required financial information requested by the settlement officer.  See Golditch v. Commissioner, T.C. Memo. 2010-260, 2010 Tax Ct. Memo LEXIS 335, at *13-14; see also Stanwyck v. Commissioner, T.C. Memo. 2012-180, 2012 Tax Ct. Memo LEXIS 181, at *20 (an officer does not abuse any discretion by refusing to consider collection alternatives if the taxpayer fails to submit the required and requested financial information).

**[*8]**   Petitioner was given multiple opportunities to submit a completed Form 433-A but failed to do so.  We conclude that the settlement officer's denial of petitioner's request for a face-to-face hearing was not an abuse of discretion in the light of the fact that petitioner failed to provide a completed Form 433-A.   Because petitioner failed to submit the requested financial information, the settlement officer was unable to accurately ascertain her financial circumstances and, consequently, could not determine the appropriate installment agreement terms.  In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's request for collection alternatives.  See Wright v. Commissioner, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at *7-8.  Also, by failing to respond to the motion, petitioner waived her right to contest it. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. at 187; Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.  As a result, respondent's determination is sustained.

    To reflect the foregoing,

                                    An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent.