T.C. Summary Opinion 2012-89

UNITED STATES TAX COURT

WILLIAM M. HIRSCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24997-11S L.                    Filed September 11, 2012.

<u>Richard G. Reilly, Jr.</u>, for petitioner.

<u>Rachel L. Schiffman</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions

of section 7463[1] of the Internal Revenue Code.  Pursuant to section 7463(b), the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code as amended, and all Rule references are to the Tax Court Rules of Practice
and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine issue exists as to any material fact and that the determination to maintain a notice of Federal tax lien (NFTL) filed under section 6323 should be sustained. Petitioner has not responded to the motion, despite an order from this Court instructing him to do so.[2]

<u>Background</u>

At the time the petition was filed, petitioner resided in New York.

On October 15, 2010, respondent filed the NFTL regarding petitioner's unpaid liabilities for section 6672[3] penalties for the periods ending June 30, September 30, and December 31, 2005, and March 31, 2006 (periods at issue). Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated October 14, 2010, advising petitioner that an NFTL had been filed with respect to his unpaid liabilities for the periods at issue and that

---

[2]By order dated June 12, 2012, the Court directed petitioner to file a response on or before July 12, 2012. No response was filed by petitioner.

[3]Under sec. 6672 "the officers or employees of the employer responsible for effectuating the collection and payment of trust-fund taxes who willfully fail to do so are made personally liable to a 'penalty' equal to the amount of the delinquent taxes." <u>Slodov v. United States</u>, 436 U.S. 238, 244-245 (1978).

he could request a hearing with respondent's Office of Appeals. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest the underlying liabilities but instead requested an installment agreement and an offer-in-compromise. By letter dated January 18, 2011, respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference for February 14, 2011. In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656, Offer in Compromise, so that a decision could be made regarding petitioner's request for an installment agreement and an offer-in-compromise.

On February 22, 2011, the Internal Revenue Service (IRS) received petitioner's Form 433-A, Form 656, and Form 656-A, Income Certification for Offer in Compromise Application Fee and Payment. The settlement officer sent petitioner's Form 656 to the IRS' Centralized Offer in Compromise (COIC) unit for review. In a letter dated March 21, 2011, the COIC unit informed petitioner that the Form 656 he submitted was missing information and that he had to provide the requested information within 30 days of the letter. In a letter dated May 10, 2011, the COIC unit informed petitioner that because he did not provide the requested

financial information, the offer-in-compromise would be returned to the settlement officer.

On June 10, 2011, the IRS received petitioner's revised offer-in-compromise. On August 5, 2011, the settlement officer faxed to petitioner's counsel worksheets showing that petitioner had the ability to pay the liabilities for section 6672 penalties.  The settlement officer requested that petitioner's counsel review the worksheets and respond with any additional information by August 12, 2011.  The settlement officer also called petitioner's counsel on August 5, 2011, and left a voice mail message.  Petitioner's counsel did not respond to the settlement officer's facsimile or the voice mail message.  On August 22, 2011, the settlement officer left another voice mail message with petitioner's counsel stating that if no response was received by August 26, 2011, the case would be closed.  As of September 8, 2011, petitioner's counsel had not responded to the settlement officer's facsimile or the voice mail messages.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 22, 2011, determining that respondent had followed all legal and procedural requirements in the filing of the NFTL and that the NFTL was appropriate.

Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioner failed to respond to the motion and has failed to demonstrate

that there is a genuine dispute for trial.[4]  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.  Section 6323 authorizes the Commissioner to file an NFTL. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the NFTL filing.  See Katz v. Commissioner, 115 T.C. 329, 333 (2000).  If a taxpayer requests a CDP hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or the lien.  Sec. 6330(c)(2).  Relevant issues include possible alternative means of collection such as an installment agreement or an offer-in-compromise.  Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner,

---

[4]By failing to respond to the assertions in the motion, petitioner waived his right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding his underlying liabilities. See Rule 142(a). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioner did not raise his underlying liabilities for section 6672 penalties in his request for a CDP hearing. In his petition he made no specific allegations or arguments regarding the correctness of the underlying liabilities, and he failed to file any response to the motion. Consequently, petitioner's underlying liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117

T.C. 183, 184 (2001).  We note that the settlement officer properly based the determination on the factors required by section 6330(c)(3).

Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's request for an offer-in-compromise or an installment agreement when the taxpayer does not provide collection information requested by the settlement officer. See Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005); Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 Tax Ct. Memo LEXIS 105, at *30. The settlement officer requested that petitioner's counsel provide information on petitioner's ability to pay his liabilities.  Petitioner's counsel did not provide the requested information.  "In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's request for collection alternatives."  Yoel v. Commissioner, T.C. Memo. 2012-222, at *8 (citing Wright v. Commissioner, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at *7-*8).  As a result, respondent's determination is sustained.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent.