T.C. Memo. 2013-200

UNITED STATES TAX COURT

JACOB A. CHELI AND ELISSA M. CHELI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19030-12L.                    Filed August 28, 2013.

Jacob A. Cheli and Elissa M. Cheli, pro sese.

Carrie L. Kleinjan, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] genuine dispute exists as to any material fact and that the determination to collect petitioners' income tax liabilities for the taxable years 2008 and 2010 by levy and the determination to maintain a notice of Federal tax lien filed under section 6323 should be sustained. Petitioners have not responded to the motion, despite an order from this Court instructing them to do so.[2]

## Background

At the time the petition was filed, petitioners resided in Pennsylvania.

Petitioners timely filed Federal income tax returns for the taxable years 2008 and 2010 (years at issue) but failed to fully pay the tax liabilities reported on the returns.

Respondent filed a notice of Federal tax lien regarding petitioners' unpaid tax liabilities for the years at issue. Respondent sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated December 6, 2011. Respondent sent petitioners a Notice CP-90, Notice of Intent to Levy and Notice of Your Right to a Hearing, dated December 5, 2011. Petitioners submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which they did not contest the underlying tax liabilities

---

[2]By order dated April 10, 2013, the Court directed petitioners to file a response on or before May 10, 2013. No response was filed by petitioners.

**[*3]** but instead requested an installment agreement. By letter dated April 23, 2012, the settlement officer acknowledged receipt of petitioners' collection due process (CDP) hearing request and scheduled a telephone conference call for May 16, 2012. In the letter the settlement officer requested that petitioners provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that he could make a decision regarding petitioners' request for an installment agreement.

Petitioners did not call the settlement officer on May 16, 2012. By letter dated May 16, 2012, the settlement officer informed petitioners that they had not called the settlement officer for the scheduled CDP hearing and had not submitted a completed Form 433-A. The letter further stated that petitioners had 14 days to provide any additional information they would like the settlement officer to consider in making his determination. Petitioners did not contact the settlement officer or provide any additional information.

Respondent issued, and sent to petitioners individually at the same address, a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330, dated June 29, 2012, sustaining the filing of the notice of Federal tax lien and the proposed levy action. Petitioners timely filed a petition with this Court.

**[*4]**                                    <u>Discussion</u>

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. <u>Shiosaki v. Commissioner</u>, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that they are entitled to judgment as a matter of law. <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000). Petitioners failed to respond to the motion and have failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no

**[*5]** dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 authorizes the Commissioner to file a notice of Federal tax lien. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the filing. See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

If a taxpayer requests a CDP hearing in response to a filing of a notice of Federal tax lien or a notice of intent to levy, he may raise at that hearing any relevant issue relating to the unpaid tax, proposed levy, or lien. Secs. 6330(c)(2),

[*6] 6320(c). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioners did not raise their underlying tax liabilities in the request for a CDP hearing, nor did they attend the CDP hearing. In the petition, petitioners state: "[We] do not dispute the amount owed". Consequently, petitioners' underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than

**[\*7]** necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based his determination on the factors required by section 6330(c)(3).

Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's request for a collection alternative when the taxpayer does not provide collection information requested by the settlement officer. See Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005); Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 Tax Ct. Memo LEXIS 105, at \*30. The settlement officer requested that petitioners provide a completed Form 433-A. Petitioners did not provide the requested information. "In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's request for collection alternatives." Yoel v. Commissioner, T.C. Memo. 2012-222, at \*8 (citing Wright v. Commissioner, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at \*7-\*8). Petitioners also failed to respond to the motion as ordered by the Court. By failing to respond to the assertions in the motion, petitioners waived their right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. at 187; Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at \*6. As a result, we find that the settlement

[*8] officer did not abuse his discretion in denying petitioners' request for a collection alternative.

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent</u>.