T.C. Memo. 2017-23

UNITED STATES TAX COURT

VINCENT E. CRAVEN, JR., AND AIMEE CRAVEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13529-13L.                    Filed January 31, 2017.

Vincent E. Craven, Jr., and Aimee Craven, pro sese.

Daniel C. Munce, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for

summary judgment as to petitioner Aimee Craven pursuant to Rule 121.[1]

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code in effect at all relevant times.  See infra note 3 regarding petitioner Vincent

(continued...)

[*2] Respondent contends that no genuine dispute exists as to any material fact and that the determination to collect petitioner Aimee Craven's income tax liabilities for the taxable years 2004 and 2005 by levy should be sustained. Petitioners have not responded to respondent's motion for summary judgment despite an order from this Court instructing them to do so.

## Background

The following facts are based on the parties' pleadings and respondent's motion for summary judgment, including the attached declarations and exhibits. See Rule 121(b). At the time the petition was filed, petitioners resided in Pennsylvania.

Petitioners filed their Federal income tax return for the taxable year 2003 on January 27, 2004, and they filed an amended tax return for the taxable year 2003 on November 22, 2005. On April 8, 2010, respondent assessed a tax liability of $13,982 for petitioners' taxable year 2003.

Petitioners filed their Federal income tax return for the taxable year 2004 on February 26, 2010. On their 2004 tax return petitioners reported a tax liability of $56,393 and did not include payment. On May 3, 2010, respondent assessed a

---

[1](...continued)
Craven, Jr.

[*3] failure to file timely addition to tax of $12,688.42 and a failure to pay timely addition to tax of $14,098.25.

Petitioners filed their Federal income tax return for the taxable year 2005 on July 10, 2007. On their 2005 tax return petitioners reported a tax liability of $15,832.20 and claimed a refundable credit of $3,060. On August 13, 2007, respondent assessed a failure to file timely addition to tax of $3,562.24 and a failure to pay timely addition to tax of $1,223.36.

Respondent sent petitioners Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, dated November 6, 2012, advising petitioners that respondent intended to levy to collect unpaid tax liabilities for their taxable years 2003, 2004, and 2005. On November 16, 2012, respondent received from petitioners Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioners proposed an offer-in-compromise (OIC) as a collection alternative and indicated that they could not pay the balance. Petitioners did not challenge the underlying tax liabilities.

On January 2, 2013, Settlement Officer Desa Lazar (SO Lazar) sent petitioners a letter acknowledging receipt of their Form 12153, indicating that the CDP hearing request was timely, and scheduling a telephone conference call for

[*4] February 5, 2013.[2]  The letter explained that, in order for an OIC to be considered, petitioners had to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file all Federal income tax returns required to be filed.  Petitioners did not call SO Lazar on February 5, 2013, for the scheduled telephone conference call or provide the requested information.

SO Lazar sent petitioners a letter dated February 27, 2013, rescheduling the telephone conference call for March 11, 2013.  The letter requested that petitioners provide the previously requested Form 433-A before the new conference date. Petitioners did not call on March 11, 2013, for the scheduled telephone conference or provide the requested information.

On April 4, 2013, SO Lazar sent petitioners a letter rescheduling the telephone conference call for April 29, 2013, and advising them that "this will be a final opportunity to discuss your appeal."  Petitioners did not call on April 29, 2013, for the scheduled telephone conference call or provide the requested information.

---

[2]The letter from SO Lazar erroneously schedules the conference call for February 5, 2012.

[*5]  On May 14, 2013, respondent issued to petitioners a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination) for their taxable years 2003, 2004, and 2005, sustaining

the proposed levy.  The notice of determination explained as follows:

> All legal and procedural guidelines were followed before the Notice
> of Intent to Levy was issued.  A telephone conference was scheduled
> and you did not respond.  You called after the conference date and
> correspondence was sent to you scheduling another hearing however
> you did not call on the rescheduled conference day.  The
> determination of this appeal is agreement [sic] with action taken to
> collect the outstanding liabilities.

On June 17, 2013, petitioners timely filed a petition with the Court seeking review

of the determination.  In their petition, petitioners state:  "I called case officer and

left numerous messages to go over my case.  The time she called me I was

unavailable and then I received the collection notice."

On October 1, 2014, respondent filed a motion with the Court to remand

this case to the Internal Revenue Service (IRS) Office of Appeals, which the Court

granted on April 9, 2015.[3]

---

[3]On June 12, 2013, petitioner Vincent Craven, Jr., filed a petition for
bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania
(bankruptcy court) under 11 U.S.C. chapter 7.  On December 23, 2013, the
bankruptcy court granted petitioner Vincent Craven, Jr., a discharge under 11
U.S.C. sec. 727.  On March 31, 2014, as a result of the bankruptcy court's
discharge, respondent cleared petitioner Vincent Craven, Jr.'s, assessed income

(continued...)

**[\*6]** On May 28, 2015, Settlement Officer Lisa Wold (SO Wold) sent petitioners a letter scheduling a supplemental conference on June 24, 2015. The letter requested that petitioners provide a completed Form 433-A, proof of income and expenses, three months of bank statements, and copies of Forms 1040, U.S. Individual Income Tax Return, for the taxable years 2012 and 2013 before the date of the conference. Petitioners did not attend the scheduled supplemental conference. On June 24, 2015, SO Wold sent petitioners a letter notifying them that they had missed the scheduled supplemental conference and inviting them to submit any information they wanted her to consider. On June 25, 2016, SO Wold called petitioner Vincent Craven, Jr., and he indicated that his tax liabilities had been discharged in bankruptcy. Petitioner Vincent Craven, Jr., also indicated that he did not believe petitioner Aimee Craven's liabilities had received a bankruptcy

---

[3](...continued)
tax liabilities for the taxable years 2003, 2004, and 2005.

On December 8, 2016, respondent filed a motion to dismiss on grounds of mootness (motion to dismiss) as to petitioner Vincent Craven, Jr. Respondent asserts in the motion to dismiss that, as a result of the supplemental determination, respondent no longer needs to proceed with the proposed collection against petitioner Vincent Craven, Jr., for the taxable years 2003, 2004, and 2005, and therefore this case is moot insofar as it relates to him. On December 12, 2016, the Court issued an order directing petitioners to file a response to respondent's motion to dismiss. Petitioners did not file a response as ordered by the Court. We will grant respondent's motion to dismiss as to petitioner Vincent Craven, Jr.

[*7] discharge but he would have her contact SO Wold regarding the matter. Petitioner Aimee Craven never contacted SO Wold.

On April 6, 2016, respondent issued to petitioner Aimee Craven a Supplemental Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (supplemental notice of determination), sustaining the proposed levy as to the taxable years 2004 and 2005. The supplemental notice of determination explained as follows:

> The Notice of Intent to Levy was correct at the time of issuance. No collection alternatives could be considered, as Ms. Craven is not in compliance with her filing requirements, and the requested collection information statement was not submitted to the Settlement Officer. Mr. Craven no longer owes Form 1040 liabilities for the tax years 2003, 2004, and 2005, as they were discharged through his Chapter 7 bankruptcy. The Service's records show that the Form 1040 returns for the tax years, 2004 and 2005, were properly assessed. However, because the Service cannot verify that the assessment was properly made for the Form 1040 return for the tax year 2003 the Service will abate this assessment.

On December 8, 2016, respondent filed a motion for summary judgment as to petitioner Aimee Craven. Filed contemporaneously with the motion for summary judgment were the supporting declarations of Supervisory Settlement Officer Darryl Lee[4] and respondent's counsel. On December 12, 2016, the Court

---

[4]Mr. Lee oversaw SOs Lazar and Wold in their handling of petitioners' collection appeal.

**[*8]** issued an order directing petitioners to file a response to respondent's motion for summary judgment as to petitioner Aimee Craven on or before January 11, 2017. Petitioners did not do so.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that the moving party is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v.

**[*9]** Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).  Petitioners failed to respond to respondent's motion for summary judgment and have failed to demonstrate that there is a genuine dispute for trial.  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property.  Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.  If a taxpayer requests a CDP hearing in response to a notice of intent to levy, he or she may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy.  Sec. 6330(c)(2).  Relevant issues include possible alternative means of collection such as an OIC.  Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v.

**[*10]** Commissioner, 114 T.C. 176, 181-182 (2000).  A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Petitioners did not raise their underlying tax liabilities in the request for a CDP hearing, nor did they participate in any of the three scheduled telephone conference calls or the supplemental conference.  Consequently, petitioners' underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the IRS' Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  SO Wold properly based her supplemental determination on the factors required by section 6330(c)(3).

**[*11]** Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's request for a collection alternative when the taxpayer does not provide collection information requested by the settlement officer. See Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005); Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 Tax Ct. Memo LEXIS 105, at *30. Both SO Lazar and SO Wold requested on several occasions that petitioners provide a completed Form 433-A and copies of filed tax returns. Petitioners did not provide the requested information. "In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's request for collection alternatives." Yoel v. Commissioner, T.C. Memo. 2012-222, at *8 (citing Wright v. Commissioner, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at *7-*8). Petitioners also failed to respond to respondent's motion for summary judgment as ordered by the Court. By failing to respond to the assertions in respondent's motion for summary judgment, petitioners waived their right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. at 187; Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6. As a result, we find that the settlement officer did not abuse her discretion in denying petitioners' request for a collection alternative.

[*12]  We hold that the supplemental determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.