T.C. Memo. 2017-82

UNITED STATES TAX COURT

EDWARD DANIEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14557-16L.                    Filed May 16, 2017.

Edward Daniel, pro se.

<u>John M. Janusz</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  Respondent contends that no genuine

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

**[\*2]** dispute exists as to any material fact and that the determination to collect petitioner's unpaid tax liabilities for the taxable years 2010 and 2013 by levy should be sustained.  Respondent's motion alleges detailed facts supported by an attached declaration and exhibits.  Petitioner has responded to respondent's motion for summary judgment and opposes it.

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Id.  However, the nonmoving party may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

[*3] Petitioner's objection to respondent's motion for summary judgment fails to address the specific factual allegations in respondent's motion.[2] Petitioner did not respond to respondent's specific factual allegations. After reviewing these allegations along with the attached declaration and exhibits, we conclude that no material facts that respondent relies on are in dispute and that this case is appropriate for summary adjudication.

---

[2]In his objection, petitioner states:

1. Petitioner proposed payment terms that would have provided material monthly payments against the outstanding taxes at issue in this matter and that would have paid those outstanding taxes in less than five years.

2. The Appeals Officer had the discretion to accept Petitioner's proposed payment terms, which would have resulted in Respondent's collection of tax revenues over the past ten months.

3. By rejecting Petitioner's proposed payment terms, the Appeals Officer has frustrated Respondent's efforts to collect the outstanding taxes at issue in this matter and has caused Respondent to waste resources through this proceeding. Therefore, the Appeals Officer's actions were an abuse of discretion.

WHEREFORE, Petitioner respectfully prays for this Court to deny Respondent's motion for summary adjudication and direct the Appeals Officer to accept Petitioner's proposed payment terms.

**[*4]**                                          Background

Petitioner resided in New York when he filed his petition.

Petitioner failed to file his Federal income tax return for the tax year 2010. On or about October 1, 2013, respondent sent to petitioner a notice of deficiency determining a tax deficiency and additions to tax. Because petitioner did not petition the Court with respect to the proposed assessment, on March 10, 2014, respondent assessed the tax, additions to tax, and interest.

Petitioner untimely filed an income tax return for the taxable year 2013 but failed to pay all of the tax reported on the return. Respondent, on December 8, 2014, assessed the tax as shown on the return, along with additions to tax and interest.

Respondent sent to petitioner a Notice of Intent to Levy, dated November 9, 2015, advising petitioner that respondent intended to levy to collect the unpaid tax liabilities for the taxable years 2010 and 2013 and that petitioner could receive a hearing with respondent's Office of Appeals. On December 9, 2015, petitioner mailed to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, which was received on December 17, 2015. In his request

[*5] petitioner sought a collection alternative in the form of an installment agreement.[3]

On March 9, 2016, the settlement officer sent to petitioner a letter acknowledging receipt of his Form 12153 and scheduled a telephone conference call for April 18, 2016. The letter advised petitioner the settlement officer would call him on that date at that time. The March 9, 2016, letter, among other things, advised petitioner that respondent's records indicated that petitioner had failed to file his 2009, 2011, 2012, and 2014 income tax returns and that he was not in compliance with making estimated tax payments for tax year 2015. The letter also explained that, in order for the settlement officer to consider a collection alternative, petitioner had to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation, along with three months of full bank statements, by March 30, 2016. The settlement officer attempted to call petitioner on April 18, 2016, but was unable to reach petitioner. Petitioner did not call the settlement officer on April 18, 2016, for the scheduled telephone conference call or provide the requested information.

---

[3]Petitioner's wife also signed the Form 12153.

**[*6]** The settlement officer sent to petitioner a letter dated April 18, 2016, advising him that she had not received any of the requested information, setting a new deadline of May 2, 2016, for receiving the requested information, and advising him that "[i]f you would like to provide information for our consideration, please call me by 05/02/2016 so we can discuss your issues." Rather, on May 2, 2016, petitioner sent to the settlement officer a two-page facsimile transmission consisting of a one-page letter and a copy of the settlement officer's letter dated April 18, 2016. Petitioner's letter requested an installment agreement and proposed an $800-per-month payment. Regarding the unfiled returns and lack of estimated payments, petitioner stated: "Regarding your information request, my 2015 tax return is on extension, and I am searching my records for the other documents you requested."

On May 23, 2016, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for petitioner's tax years 2010 and 2013, sustaining the proposed levy.

Pursuant to section 6330(c)(3), the determination of the Appeals officer must take into consideration: (A) the verification that the requirements of applicable law and administrative procedures have been met; (B) issues raised by

**[*7]** the taxpayer; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. As stated in the notice of determination, the settlement officer considered all three of these matters.

On June 27, 2016, petitioner timely filed a petition with the Court from the notice of determination. In his petition, petitioner states:

> IRS Appeals rejected my offer to make monthly payments that would pay-off aggregate assessed taxes of less than $50,000 in less than 72 months. In so doing, IRS Appeals rejected the means of collection that would be least intrusive to the taxpayer and most efficient to the government's tax collection efforts.
>
> The aggregate unpaid balance of my assessments is less than $50,000, and I proposed to pay $800/month, which would pay-off my assessments in less than 72 months.

## Discussion

The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the

**[*8]** 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002). Petitioner failed to respond to respondent's specific factual allegations in the motion for summary judgment and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. If a taxpayer requests a CDP hearing in response to a notice of intent to levy, he or she may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

**[\*9]** If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioner did not raise his underlying tax liabilities in the request for a CDP hearing, nor did he participate in the scheduled telephone conference call. Rather, on May 2, 2016, petitioner sent to the settlement officer a two-page facsimile transmission consisting of a one-page letter and a copy of the settlement officer's letter dated April 18, 2016. Petitioner's letter requested an installment agreement and proposed an $800-per-month payment. Regarding the unfiled returns and lack of estimated payments, petitioner stated: "Regarding your information request, my 2015 tax return is on extension, and I am searching my records for the other documents you requested." Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the

[*10] verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based her determination on the factors required by section 6330(c)(3).

Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's request for a collection alternative when the taxpayer does not provide collection information requested by the settlement officer. See Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005); Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 Tax Ct. Memo LEXIS 105, at *30. The settlement officer requested that petitioner provide a completed Form 433-A with supporting documentation, along with three months of full bank statements, by March 30, 2016. Petitioner did not provide the requested information. "In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's request for collection alternatives." Yoel v. Commissioner, T.C. Memo. 2012-222, at *8 (citing Wright v. Commissioner, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at *7-*8). As a result, we find that the

**[*11]** settlement officer did not abuse her discretion in denying petitioner's request for a collection alternative.

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order and decision will be entered.